ORIGINAL

1

**WANG, HARTMANN & GIBBS, P.C.**
A Professional Law Corporation
2  Richard F. Cauley (SBN:109194)
1301 Dove Street, Suite 1050
3  Newport Beach, CA 92660
Telephone: (949) 833-8483
4  Facsimile: (949) 833-2281

FILED

JAN 1 6 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5

6

7            **UNITED STATES DISTRICT COURT**

8          **NORTHERN DISTRICT OF CALIFORNIA**

9

10  JOHN O'HURLEY, an individual;    Case No.
LITTLE GIDDINGS, INC., a California
Corporation, BUILDERS SOUND
11  COMPANIES, a Delaware corporation,
and MS PRODUCTIONS, a sole          C 07    0281
12  proprietorship,

WDB

COMPLAINT FOR:

13                  Plaintiff,

1. COPYRIGHT INFRINGEMENT;
14  vs.                                  2. UNAUTHORIZED USE OF NAME
AND LIKENESS [CAL. CIV. CODE
15                                       §3344];
3. UNAUTHORIZED USE OF NAME
16                                       AND LIKENESS [COMMON
JAMO US, INC., a Delaware            LAW];
17  corporation, j/k/a JAMO HI-FI USA,   4. BREACH OF CONTRACT;
INC. and KLIPSCH GROUP, INC., an     5. BREACH OF THE COVENANT OF
18  Indiana corporation; and DOES 1-20,     GOOD FAITH AND FAIR
inclusive,                              DEALING; AND
19                                       6. UNFAIR COMPETITION AND
DECEPTIVE TRADE PRACTICES.
20                  Defendants.

DEMAND FOR JURY TRIAL
21

22

23        Plaintiffs John O'Hurley ("O'Hurley"), Little Giddings, Inc. ("Giddings"),

24  Builders Sound Companies ("Builders"), and MS Productions ("MS"), for their

25  complaint against Defendants Jamo US, Inc. ("Jamo") and Klipsch Group, Inc.

26  ("Klipsch"), state as follows:

27  ///

28  ///

- 1 -
**COMPLAINT**

## PARTIES

1.    Plaintiff O'Hurley is a resident of Beverly Hills, California.

2.    Plaintiff Giddings is a California corporation with a principal place of business at 1710 Monte Cielo Ct., Beverly Hills, California.

3.    Plaintiff Builders is a Delaware corporation with a principal place of business at 1955 Mountain Blvd., Oakland, California.

4.    Plaintiff MS is a sole proprietorship doing business at 4718 Autumn Meadow Drive, Fairfield, California.

5.    Plaintiffs are informed and believe that Defendant Jamo is a Delaware corporation with a principal place of business at 1177 Corporate Grove Drive, Buffalo Grove, Illinois.

6.    Plaintiffs are informed and believe that Defendant Klipsch is an Indiana corporation with a principal place of business at 3502 Woodview Trace, Indianapolis, Indiana.

7.    Plaintiffs are informed and believe that Defendant Klipsch acquired Defendant Jamo in or about February of 2005.

## JURISDICTION AND VENUE

8.    The Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1332(a), in that the parties are citizens of different States and the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

9.    The Court also has original subject matter jurisdiction over the claims in this action as Plaintiffs' First Claim for Relief arises under the United States Copyright Act, 17 U.S.C. §§ 501, et seq.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyright), and 17 U.S.C. § 101.  This Court has pendent jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1338(b).

COMPLAINT

10.    This Court has personal jurisdiction over Jamo and Klipsch because their activities in or contacts in California give rise to this Action. Jamo and Klipsch solicit, transact, and are doing business within California; have committed unlawful and tortious acts within California; have committed unlawful and tortious acts causing injury in California; and are regularly doing business or engaging in a persistent course of conduct in California.

11.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Jamo and Klipsch reside or may be found in this judicial district, the claims arose in this judicial district, and the infringing goods which are the subject of Plaintiffs' claims are situated in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

12.    O'Hurley is a famous, award-winning actor best known as "J. Peterman" on "Seinfeld," which is now the #1 syndicated series in the world. Recently, he starred on the highly rated ABC show "Dancing with the Stars," and is now the new face of "Family Feud." O'Hurley also recently published "It's OK to Miss the Bed on the First Jump: And Other Life Lessons Learned from Dogs," which quickly became a New York Times best seller.

13.    O'Hurley also released the nationwide best selling album "Peace of Our Minds," which is a collaboration of piano and cello compositions by O'Hurley and world-renowned cellist Marston and the first independent CD to ever reach #13 on the Billboard Music charts.

14.    Plaintiff Giddings is the assignee and owner of copyrights related to O'Hurley and has applied for federal copyright registration as follows:

| Copyright Title | Application Type | Date of Application |
|---|---|---|
| Peace of Our Minds | Sound Recording | December 28, 2006 |

15.   Giddings has complied with all statutory formalities required by the Copyright Act to maintain the validity of the copyrights and applications shown in Exhibit A.

16.   Plaintiff Builders is in the business of manufacturing, distributing an/or selling of custom home theater products to homebuilders, architects, electricians, and interior decorators.

17.   Plaintiff MS is the assignee and owner of copyrights related to O'Hurley and has applied for federal copyright registration as follows:

| Copyright Title | Application Type | Date of Application |
|---|---|---|
| John O'Hurley Photo Collection | Visual Arts | January 12, 2007 |

18.   MS has complied with all statutory formalities required by the Copyright Act to maintain the validity of the copyrights and applications shown in Exhibit A.

19.   In January of 2005, Jamo entered into a contract with Builders. Jamo was to provide and install home theater and home audio equipment to O'Hurley as well as to supply Builders with home theater and home audio equipment as needed at discounted prices.

20.   In exchange Builders was to provide Jamo with a promotional album including two compact discs ("CDs") and related artwork wherein each CD was to contain four to five of O'Hurley's songs from "Peace of Our Minds." The songs and artwork were to be approved prior to Builders' creation of the album.

21.   Klipsch acquired Jamo and, on information and belief, agreed to be bound by all terms of the contract.

22.   MS photographed O'Hurley and provided copyrighted photographs to Builders, which in turn provided the photographs to Jamo for approval.

COMPLAINT

23.    Builders uploaded "Peace of Our Minds" to its website so that Jamo could choose which songs to include on the promotional album.

24.    Builders created a catalog featuring Jamo home theater and home audio equipment for use in connection with Builders' business of selling and installing said equipment.

25.    Despite repeated communications from Builders, Jamo never approved the proposed photographs or selected any songs from Builders' website.

26.    Instead, Jamo created an unauthorized album entitled "Jamo – Danish Sound Design." Each known unauthorized album includes one unauthorized CD having ten (10) songs from "Peace of Our Minds" and is packaged in MS-copyrighted photographs supplied by Builders. On information and belief, Jamo obtained the songs for the unauthorized album by unauthorized downloading of "Peace of Our Minds" from Builders' website or by copying said songs straight from a commercially available CD.

27.    Jamo's creation of "Jamo – Danish Sound Design" was done without the prior or subsequent approval of Plaintiffs O'Hurley, Giddings, Builders, or MS.

28.    On information and belief, Jamo also caused the unauthorized album to be replicated and distributed in connection with Jamo products without Plaintiffs' consent.

29.    Jamo also failed to install the majority of home theater and home audio equipment for O'Hurley and failed to provide Builders with any home theater or home audio equipment at discounted prices.

30.    Neither Jamo nor Klipsch compensated MS or any of the other Plaintiffs in connection with the photographs of O'Hurley or in connection with the catalog prepared by Builders.

31.    Plaintiffs are informed and believe and thereon allege, that Defendants are each responsible in some manner for the occurrences herein alleged, and that

1   Plaintiffs' damages as herein alleged were proximately caused by those
2   Defendants.  Plaintiffs are informed and believes and thereon allege that at all
3   times herein mentioned, those Defendants were and are the co-conspirators,
4   partners, joint venturers, agents, servants, employees, employers, principals, and/or
5   alter egos of Defendants, and in such capacity or capacities, conspired to
6   participate in and did in fact participate in, the acts and conduct alleged in this
7   complaint and are otherwise liable to Plaintiffs for the damages and injuries
8   enumerated herein.

## FIRST CAUSE OF ACTION

### (Copyright Infringement)

32.    Plaintiffs repeat and re-allege paragraphs 1-31 as though fully set forth herein.

33.    At all times relevant hereto, MS and Giddings have been and still are the owners and proprietors of all right, title and interest in and to a portion of the Copyrights and as such have exclusive rights to at least: (1) distribute; (2) reproduce; (3) display; (4) perform; and (5) create derivatives of the original works.

34.    The Copyrights contain material wholly original with Giddings and MS and are copyrightable subject matter under the copyright laws of the United States.

35.    With full knowledge of Plaintiffs' rights herein, Defendants have infringed and continue to infringe MS and Giddings' Copyrights by directly replicating, copying, and distributing the unauthorized albums.  Such copying is done by Defendants without the consent, approval, or license of MS, Giddings, Builders, or O'Hurley.  Defendants' products contain wholesale copies of MS and Giddings' works, all in violation of the Copyrights.

COMPLAINT

36.    Defendants' acts as aforesaid violate MS and Giddings' exclusive rights under section 106 of the Copyright Act of 1976, 17 U.S.C. § 106, and constitute infringement of its Copyrights. Defendant's past and continuing copying, distribution, and sale of MS and Giddings' Copyrights constitutes a willful and deliberate infringement of MS and Giddings' copyrights and is causing irreparable harm and damage to Plaintiffs.

WHEREFORE, MS and Giddings pray for judgment below.

## SECOND CAUSE OF ACTION

### (Unauthorized Commercial Use of Name and Likeness - Cal. Civ. Code § 3344)

37.    Plaintiffs repeat and reallege paragraphs 1 through 36 as though fully set forth herein.

38.    Defendants knowingly used O'Hurley's name, voice, photograph, and likeness on merchandise, namely at least the unauthorized CDs, and to advertise and sell products and services.

39.    Defendants did not have O'Hurley's consent to use O'Hurley's name, voice, photograph, or likeness on the merchandise or for advertising and selling their products and services.

40.    Defendants' use of O'Hurley's name, voice, photograph, and likeness was directly connected to Defendants' commercial purpose of selling home audio and home theater equipment because O'Hurley's name, voice, photograph, and likeness adds credibility to the Defendants' brands and products.

41.    O'Hurley was harmed by being unknowingly portrayed as a spokesman for products and services connected with Defendants without adequate authorization or compensation and Defendants' conduct was a substantial factor in causing O'Hurley's harm.

WHEREFORE, O'Hurley prays for judgment as set forth below.

## THIRD CAUSE OF ACTION

### (Unauthorized Commercial Use of Name and Likeness – Common Law)

42.    Plaintiffs repeat and reallege paragraphs 1 through 41 as though fully set forth herein.

43.    Defendants knowingly used O'Hurley's name, voice, photograph, and likeness on merchandise, namely at least the unauthorized albums, and to advertise and sell products and services.

44.    Defendants did not have O'Hurley's consent to use O'Hurley's name, voice, photograph, or likeness on the merchandise or for advertising and selling products and services.

45.    Defendants' use of O'Hurley's name, voice, photograph, and likeness was directly connected to Defendants' commercial purpose of selling home audio and home theater equipment because O'Hurley's name, voice, photograph, and likeness adds credibility to the Defendants' brands and products.

46.    O'Hurley was harmed by being unknowingly portrayed as a spokesman for products and services connected with Defendants without adequate authorization or compensation and Defendants' conduct was a substantial factor in causing O'Hurley's harm.

WHEREFORE, O'Hurley prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION

### (Breach of Contract)

47.    Plaintiffs repeat and reallege paragraphs 1-46 as though fully set forth herein.

48.    In January of 2005, Jamo entered into a contract with Builders to provide and install home theater and home audio equipment to O'Hurley, at least as a third-party beneficiary, as well as to supply Builders with home theater and home audio equipment as needed at discounted prices.

- 8 -

49.    In exchange Builders was to provide Jamo with two promotional compact discs ("CDs"), each containing four to five of O'Hurley's songs from "Peace of Our Minds", the artwork and songs to be approved by Jamo prior to release by Builders.

50.    On information and belief, Klipsch assented to all terms of the contract.

51.    Builders did all, or substantially all of the significant things that the contract required it to do.

52.    All conditions required for the Defendants' performance have occurred.

53.    Defendants failed to do as they were required to do as they refused to install all the home theater and home audio equipment for O'Hurley as specified by the agreement.

54.    Defendants failed to do as they were required to do as they refused to provide Builders with home theater and home audio equipment.

55.    Defendants' failed to compensate MS or any of the other Plaintiffs in connection with the photographs of O'Hurley or in connection with the catalog prepared by Builders.

56.    Builders, O'Hurley, and MS were harmed by the Defendants' failure to perform.

57.    On information and belief, sales of "Peace of Our Minds" were determinately affected by Jamo's unauthorized album.

WHEREFORE, Builders, O'Hurley, and MS pray for judgment as set forth below.

///

///

///

COMPLAINT

## FIFTH CAUSE OF ACTION

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

58.     Plaintiffs repeat and reallege paragraphs 1-57 as though fully set forth herein.

59.     Plaintiffs are informed and believe and on that basis allege that Defendants materially breached the implied covenant of good faith and fair dealing by failing to make reasonable efforts to fulfill their obligations pursuant to the contract. In particular, Plaintiffs are informed and believe that Defendants created, replicated and distributed the unauthorized album using their own means, and without any form of written or oral consent. Rather than picking four to five songs from each "Peace of Our Minds" CD, Defendants willfully created, then replicated and distributed an unauthorized album including Giddings' copyrighted songs and MS's copyrighted photographs of O'Hurley without consent.

60.     As a direct and proximate result of Defendants' material breaches of the Covenant of Good Faith and Fair Dealing, Plaintiffs have suffered damages in an amount to be proven at trial, including, but not limited to, lost sales in connection with "Peace of Our Minds."

61.     WHEREFORE, Builders and O'Hurley pray for judgment as set forth below.

## SIXTH CAUSE OF ACTION

**(Unfair Competition and Deceptive Trade Practices)**

62.     Plaintiffs repeat and reallege paragraphs 1 through 61 as though fully set forth herein.

63.     Defendants' unfair, unlawful, and/or fraudulent acts constitute unfair competition pursuant to California Business and Professions Code sections 17200 *et seq.* ("Unfair Competition Law").

64.    As a direct, proximate, and foreseeable result of Defendants' wrongful conduct, as alleged above, Plaintiffs have suffered damages in an amount according to proof at trial. Plaintiffs are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by Defendants as a result of such unfair business acts or practices.

WHEREFORE, O'Hurley, Giddings, Builders, and MS request that the Court grant the following relief:

A.    That Defendants be required to pay Plaintiffs punitive damages;

B.    That Defendants be required to pay Plaintiffs exemplary damages pursuant to Cal. Civ. Code § 3294;

C.    That Defendants be permanently enjoined from infringing MS and Giddings' Copyrights, or any prior or subsequent versions thereof;

D.    That the Court order the impoundment and destruction of all of Defendants' CD's relating to O'Hurley;

E.    That Defendants be required to pay to Plaintiffs such actual damages as they have sustained as a result of Defendant's copyright infringement pursuant to 17 U.S.C. § 504(b);

F.    That Defendants be required to account for and disgorge to Plaintiffs all gains, profits, and advantages derived by its copyright infringement pursuant to 17 U.S.C. § 504(b);

G.    That Defendants be required to pay Plaintiffs statutory damages pursuant to 17 U.S.C. § 504(c);

H.    That Defendants be required to pay Plaintiff an increase in the award of statutory damages due to Defendants' willful infringement pursuant to 17 U.S.C. § 504(c)(2);

COMPLAINT

1      I.     That Defendants be ordered to pay to Plaintiffs the costs of this action

2  along with reasonable attorney fees;

3

4      J.     That Plaintiffs be granted such further relief as the Court deems just.

5

6  Dated: January 12, 2007             WANG, HARTMANN & GIBBS

7                          A Professional Law Corporation.

8                    By:

9                          Richard F. Cauley

                              Attorney for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

COMPLAINT

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: January 12, 2007

WANG, HARTMANN & GIBBS
A Professional Law Corporation

By: _____
Richard F. Cauley
Attorney for Plaintiffs

# EXHIBIT A

EXHIBIT A

Copyright Office fees are subject to change.
For current fees, check the Copyright Office
website at www.copyright.gov, write the Copy-
right Office, or call (202) ...



**Form SR**
For a Sound Recording
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

_____

SR_____ SRU_____

EFFECTIVE DATE OF REGISTRATION

| Month | Day | Year |
|-------|-----|------|
|       |     |      |

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

**TITLE OF THIS WORK ▼**

PEACE OF OUR MINDS

**PREVIOUS, ALTERNATIVE, OR (CONTENTS TITLES) (CIRCLE ONE) ▼**

VOL. I - 1. SUITE FOR SKIBEREEN
VOL. I - 2. RIDERS IN THE SKY

---

**2**

**NAME OF AUTHOR ▼**

a   LITTLE GIDDINGS INC.

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ UNITED STATES
{ Domiciled in ▶ UNITED STATES

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

MUSIC AND SOUND RECORDING

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire," check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
{ Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
{ Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

---

**3**

a   **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**

2005    ◀ Year

This information must be given in all cases.

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**

Complete this information ONLY if this work has been published.

Month ▶ JUNE    Day ▶ 20    Year ▶ 2005

UNITED STATES    ◀ Nation

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

a   LITTLE GIDDINGS INC.
1701 MONTE CIELO CT.
BEVERLY HILLS, CA 90210

See instructions before completing this space.

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

b

**APPLICATION RECEIVED**

**ONE DEPOSIT RECEIVED**

**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5–9) on the reverse side of this page.
• See detailed instructions.          • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of _____ pages

| EXAMINED BY | FORM SR |
| CHECKED BY | |
| CORRESPONDENCE<br>□ Yes | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

□ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. □ This work was previously registered in unpublished form and now has been published for the first time.

b. □ This is the first application submitted by this author as copyright claimant.

c. □ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼     **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION**

**Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**a**

**Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**b**

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a deposit account established in the Copyright Office, give name and number of Account.

**Name** ▼     **Account Number** ▼

**a**

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/Zip ▼

**b**  ERICK P. WOLF
1301 DOVE STREET, SUITE 1050
NEWPORT BEACH, CA 92660

Area code and daytime telephone number    (949) 833-8483     Fax number    (949) 833-2281

Email    ewolf@whglawfirm.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

Check only one ▼

☑ author

□ other copyright claimant

□ owner of exclusive right(s)

□ authorized agent of

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

LITTLE GIDDINGS INC.                                    Date   12/20/06

Handwritten signature ▼

**9**

Certificate
will be
mailed in
window
envelope
to this
address

**Name** ▼
ERICK P. WOLF

**Number/Street/Apt** ▼
1301 DOVE STREET, SUITE 1050

**City/State/Zip** ▼
NEWPORT BEACH, CA 92660

**• YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8
**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material
**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

*17 USC § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form SR-Full  Rev: 11/2006  Print: 11/2006—60,000  Printed on recycled paper                                    U.S. Government Printing Office: 2007-330-945/60,138

# Continuation Sheet
# for Application Forms

 Form $SR$ /CON
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

| PA | PAU | SE | SEG | SEU | SR | SRU | TX | TXU | VA | VAU |
|----|-----|----|-----|-----|----|-----|----|-----|----|-----|

EFFECTIVE DATE OF REGISTRATION

_____
(Month)          (Day)          (Year)

CONTINUATION SHEET RECEIVED

- This Continuation Sheet is used in conjunction with Forms CA, PA, SE, SR, TX, and VA only. Indicate which basic form you are continuing in the space in the upper right-hand corner.
- Try to fit the information called for into the spaces provided on the basic form.
- If you do not have enough space on the basic form, use this Continuation Sheet, and submit it with the basic form.
- If you submit this Continuation Sheet, clip (do not tape or staple) it to the basic form and fold the two together before submitting them.
- Space A of this sheet is intended to identify the basic application.
  Space B is a continuation of space 2 on the basic application.
  Space B is not applicable to Short Forms.
  Space C (on the reverse side of this sheet) is for the continuation of Spaces 1, 4, or 6 on the basic application or for the continuation of Space 1 on any of the three Short Forms PA, TX, or VA.

Page _____ of _____ pages

DO NOT WRITE ABOVE THIS LINE. FOR COPYRIGHT OFFICE USE ONLY

## A
### Identification of Application

IDENTIFICATION OF CONTINUATION SHEET: This sheet is a continuation of the application for copyright registration on the basic form submitted for the following work:
- TITLE: Give the title as given under the heading "Title of this Work" in space 1 of the basic form.

  PEACE OF OUR MINDS

- NAME(S) AND ADDRESS(ES) OF COPYRIGHT CLAIMANT(S): Give the name and address of at least one copyright claimant as given in space 4 of the basic form or space 2 of any of the Short Forms PA, TX, or VA.

  LITTLE GIDDINGS INC., 1701 MONTE CIELO CT., BEVERLY HILLS, CA 90210

## B
### Continuation of Space 2

**d**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
{ Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?        ☐ Yes ☐ No     If the answer to either of these questions is "Yes," see detailed instructions.
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of the material created by the author in which copyright is claimed. ▼

**e**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
{ Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?        ☐ Yes ☐ No     If the answer to either of these questions is "Yes," see detailed instructions.
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of the material created by the author in which copyright is claimed. ▼

**f**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
{ Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?        ☐ Yes ☐ No     If the answer to either of these questions is "Yes," see detailed instructions.
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of the material created by the author in which copyright is claimed. ▼

*Use the reverse side of this sheet if you need more space for continuation of spaces 1, 4, or 6 of the basic form or for the continuation of Space 1 on any of the Short Forms PA, TX, or VA.*

CONTINUATION OF (Check which):    ☑ Space 1    ☐ Space 4    ☐ Space 6

**C**

Continuation
of other
Spaces

VOL. 1 - 3. DRY SALVAGES
VOL. 1 - 4. MARSTON MOOR
VOL. 1 - 5. BALLO DEL CIELO (DANCE OF THE HEAVENS)
VOL. 1 - 6. LAST HIGHLANDER
VOL. 1 - 7. NETHER LIGHT
VOL. 1 - 8. BEFORE TIME
VOL. 1 - 9. SABANADE
VOL. 1 - 10. CELTIC MOON
VOL. 2 - 1. CARMEL HIGHLANDS
VOL. 2 - 2. NEW MORNING
VOL. 2 - 3. FANFARE FOR THE JOURNEY HOME
VOL. 2 - 4. COURT OF HASBURG
VOL. 2 - 5. FOR LISA
VOL. 2 - 6. LA WALLY FANTASY
VOL. 2 - 7. REQUIEM
VOL. 2 - 8. WALL OF CELLO
VOL. 2 - 9. SOMETIMES THIS HEART OF MINE
VOL. 2 - 10. HALLIE'S HOEDOWN

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
ERICK P. WOLF

Number/Street/Apt ▼
1301 DOVE STREET, SUITE 1050

City/State/Zip ▼
NEWPORT BEACH, CA 92660

**D**

YOU MUST:
· Complete all necessary spaces
· Sign your application
SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable fee in check or
   money order payable to Register
   of Copyrights
3. Deposit Material
MAIL TO:
Library of Congress, Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

Copyright Office fees are subject to change.
For current fees, check the Copyright Office
website at *www.copyright.gov*, write the Copy-
right Office, or call (202) 707-3000.

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

_____

VA _____ VAU _____

EFFECTIVE DATE OF REGISTRATION

_____ _____ _____
Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

Title of This Work ▼

JOHN O'HURLEY PHOTO COLLECTION

NATURE OF THIS WORK ▼ See instructions

PHOTOGRAPH

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

N/A

If published in a periodical or serial give: Volume ▼ _____ Number ▼ _____ Issue Date ▼ _____ On Pages ▼ _____

---

**2**

NAME OF AUTHOR ▼

MS PRODUCTIONS

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____ UNITED STATES
Domiciled in _____ UNITED STATES

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture
☐ 2-Dimensional artwork
☐ Reproduction of work of art
☐ Map
☑ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

Name of Author ▼

Dates of Birth and Death
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
Domiciled in _____

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture
☐ 2-Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

---

**3**

Year in Which Creation of This Work Was Completed
2005 ◄ Year in all cases.
This information must be given

Date and Nation of First Publication of This Particular Work
Complete this information Month _____ Day _____ Year _____ Nation _____
ONLY if this work has been published.

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

MS PRODUCTIONS
4718 AUTUMN MEADOW DRIVE,
FAIRFIELD, CA 94534

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

See instructions before completing this space.

APPLICATION RECEIVED
ONE DEPOSIT RECEIVED
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

MORE ON BACK ► • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of _____ pages

| | |
|---|---|
| EXAMINED BY | FORM VA |
| CHECKED BY | |
| ☐ CORRESPONDENCE<br>    ☐ Yes | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

See instructions
before completing
this space.

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

**a**

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                              Account Number ▼

**7**

**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

ERICK P. WOLF
1301 DOVE STREET, SUITE 1050
NEWPORT BEACH, CA 92660

**b**

Area code and daytime telephone number   ( 949 ) 833-8483          Fax number   ( 949 ) 833-2281

Email   ewolf@whglawfirm.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ►
☑ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

MS PRODUCTIONS                                         Date _____

Handwritten signature (X) ▼

X _____

| | | |
|---|---|---|
| Certificate<br>will be<br>mailed in<br>window<br>envelope<br>to this<br>address: | Name ▼<br>ERICK P. WOLF | **YOU MUST:**<br>• Complete all necessary spaces<br>• Sign your application in space 8 |
| | Number/Street/Apt ▼<br>1301 DOVE STREET, SUITE 1050 | **SEND ALL 3 ELEMENTS<br>IN THE SAME PACKAGE:**<br>1. Application form<br>2. Nonrefundable filing fee in check or money<br>    order payable to Register of Copyrights<br>3. Deposit material |
| | City/State/Zip ▼<br>NEWPORT BEACH, CA 92660 | **MAIL TO:**<br>Library of Congress<br>Copyright Office<br>101 Independence Avenue SE<br>Washington, DC 20559-6000 |

**9**

*17 USC § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form VA   Rev: 07/2006   Print: 07/2006 —30,000   Printed on recycled paper                              U.S. Government Printing Office: 2006-320-918/60,129







