**WANG, HARTMANN & GIBBS, P.C.**
A Professional Law Corporation
Richard F. Cauley (SBN:109194)
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Telephone: (949) 833-8483
Facsimile: (949) 833-2281

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN O'HURLEY, an individual, LITTLE GIDDINGS, INC., a California Corporation, BUILDERS SOUND COMPANIES, a Delaware corporation, and MS PRODUCTIONS, a sole proprietorship,<br><br>Plaintiff,<br><br>vs.<br><br>JAMO US, INC., a Delaware corporation, j/k/a JAMO HI-FI USA, INC. and KLIPSCH GROUP, INC., an Indiana corporation; and DOES 1-20, inclusive,<br><br>Defendants. | No. C 07-0281 WDB<br><br><br><br>NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL<br><br><br>DATE: August 8, 2007<br>TIME: 1:30 p.m.<br>COURTROOM: 4 |

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on July 25, 2007, at 3:15 p.m., or as soon thereafter as the matter may be heard in Courtroom 4 of the above-entitled court located at 1301 Clay Street, Oakland, California, 94612, Wang, Hartmann & Gibbs, PC ("WH&G") will move for an order to be relieved as counsel for Plaintiffs John O'Hurley, Little Giddings, Inc., Builders Sound Companies, and Ms

- 1 -
MOTION TO WITHDRAW AS COUNSEL

1 | Productions ("Plaintiffs") based on Plaintiffs' failure to cooperate and
2 | communicate with WH&G and failure to fund this litigation.
3 |     This motion is based upon this notice of motion, the declaration of Richard
4 | F. Cauley, the pleadings and records on file in this action, and any oral argument or
5 | documentary evidence presented at the hearing of this motion.

Dated: June 25, 2007

WANG, HARTMANN & GIBBS
A Professional Law Corporation

By: _____
Richard F. Cauley
Attorney for Plaintiffs

MOTION TO WITHDRAW AS COUNSEL

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.   INTRODUCTION**

WH&G files this Motion to Withdraw as Counsel on the basis that Plaintiffs refuse to cooperate and communicate with WH&G and refuse to fund this litigation. As this Court is aware, the proposed Case Management Conference has already been continued two times because Plaintiffs have not served the Defendants. Since April of 2007, WH&G has repeatedly asked Plaintiffs to sign a Litigation Fee Agreement authorizing WH&G to serve the Complaint and bring this case to issue as well as proceeding on with discovery, but Plaintiffs refuse to cooperate. WH&G has also requested permission from the Plaintiffs to dismiss this case without prejudice, but Plaintiffs objected again. In summary, Plaintiffs have put WH&G in a difficult position by refusing to fund the litigation on one hand and refusing to dismiss the Complaint on the other. Furthermore, Plaintiffs even refuse to seek new counsel to handle this case.

WH&G is therefore left with no other alternative than to move this Court for an order to be relieved as counsel of record. Granting this Motion will not prejudice the Defendants as they have yet to be served and therefore have no obligation to respond to the Complaint. Similarly, there will be no prejudice to Plaintiffs, as they have not yet participated in this action other than by filing the Complaint.

**II.   BACKGROUND**

On November 9, 2006, Plaintiffs and WH&G entered into a General Business Fee Agreement whereby Plaintiffs retained WH&G to initiate the above-mentioned litigation by preparing and filing a Complaint as well as drafting a demand letter to send to the Defendants. Additional legal services provided by WH&G included preparing and filing related copyright applications. (Cauley Decl., ¶3, Exhibit "A").

The General Business Fee Agreement provides that Plaintiff Builders Sound

is responsible for paying WH&G's reasonable attorney's fees in exchange for legal services. The Agreement also provides that WH&G reserves the right to withdraw should Plaintiffs fail to make payment of WH&G's statements and other bills. (Exhibit "A"). Plaintiffs now refuse to pay WH&G's invoices in direct breach of this Agreement. (Cauley Decl., ¶4).

The General Business Fee Agreement also provides that if Plaintiffs are to initiate formal litigation and serve the Complaint, they are required to sign a separate Litigation Fee Agreement and provide WH&G with a separate, litigation retainer. (Exhibit "A"). However, Plaintiffs never executed a Litigation Fee Agreement nor did they ever provide WH&G with a litigation retainer. Presently the Plaintiffs refuse to consent to dismissing the case (without prejudice), yet refuse to provide WH&G with the resources necessary to serve the Complaint, propound discovery, and move the case forward. (Cauley Decl., ¶5, Exhibit "B").

Despite Plaintiff's failure to cooperate, communicate, or fund this matter, WH&G has continued to obtain extensions for the Case Management Conferences. (Cauley Decl., ¶6). Starting on or about April of 2007, WH&G began to repeatedly notify Plaintiffs that they must sign the Litigation Fee Agreement and provide WH&G with the retainer or else WH&G would be forced to withdraw. However Plaintiffs still refuse to either sign the Litigation Fee Agreement or to provide WH&G with the retainer. (Cauley Decl., ¶7). WH&G is now left with no other choice but to bring this Motion to Withdraw as Counsel.

### III. LEGAL STANDARD FOR MOTION TO WITHDRAW AS COUNSEL

Counsel may withdraw from an action after relieved by order of Court and after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case. When withdrawal is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes (or on the Clerk, if the

Court so directs), unless and until the client appears by other counsel or pro se. (*See* Civil L.R. 11-5).

It is generally recognized that the failure or refusal of a client to pay the proper fees or expenses of the attorney after being reasonably requested to do so will furnish grounds for the attorney to withdraw from the case. People v. Prince, 74 Cal. Rptr. 197, 203 (Cal. Ct. App. 1968). Furthermore, Rule 3-700 of the Rules of Professional Conduct allows permissive withdraw if the client "breaches an agreement or obligation to the member as to expenses or fees." Cal. Rules of Prof'l Conduct, Rule 3-700(C)(1)(f) (1989).

### IV. PLAINTIFFS' REFUSAL TO COOPERATE AND COMMUNICATE AND REFUSAL TO FUND THE LITIGATION IS GROUNDS FOR WITHDRAWAL

Here, beginning on or about April of 2007, and continuing until the present WH&G has given Plaintiffs substantial advance notice of this motion, stating that WH&G would be forced to withdraw if Plaintiffs failed to sign a Litigation Fee Agreement and failed to provide the litigation retainer. Despite these warnings, Plaintiffs have refused to either sign the Litigation Fee Agreement or provide WH&G with the aforementioned retainer. Plaintiffs have also failed to satisfy WH&G's past invoices pertaining to the General Business Fee Agreement. In summary, despite WH&G's best efforts, Plaintiffs refuse to cooperate and communicate with WH&G and refuse to fund the litigation. Plaintiffs' affirmative actions thus form the basis for WH&G's withdrawal.

Plaintiffs' actions put WH&G in the awkward position of attempting to prosecute this matter without any substantive knowledge or assistance. Good cause for withdraw exists because Plaintiffs' lack of cooperation and communication with WH&G will force WH&G to act on Plaintiffs' behalf without the requisite knowledge or consent. For instance, Plaintiffs refuses to sign the Litigation Fee Agreement and therefore refuses to authorize WH&G to serve the

Complaint. Furthermore, WH&G is now again (for the third time) in the awkward position of facing an impending Case Management Conference (July 9, 2007) without the authority to put the case at issue. Plaintiffs' aforementioned lack of cooperation and communication therefore establish good cause for WH&G's withdrawal.

In addition to not cooperating and communicating, Plaintiffs refuse to acknowledge WH&G's request for funding. As Plaintiffs have been made aware on numerous occasions, WH&G is unable to provide legal services without just compensation. Accordingly, Plaintiffs' knowing failure to compensate WH&G is a breach of the aforementioned General Business Fee Agreement and Plaintiffs' refusal to sign the Litigation Fee Agreement and provide the litigation retainer provides additional grounds for withdrawal.

Finally, this Motion will not cause delay in prosecution of the case to completion. The case is not currently at issue and discovery has not yet commenced. Further, if this Court dismisses this action, it would presumably do so without prejudice. For these reasons, none of the parties would be prejudiced by this withdrawal.

## V. CONCLUSION.

Based on the foregoing, WH&G respectfully requests this Court grant this Motion and permit WH&G to withdraw.

Dated: June 25, 2007

WANG, HARTMANN & GIBBS
A Professional Law Corporation

By: _____
Richard F. Cauley
Attorney for Plaintiffs

MOTION TO WITHDRAW AS COUNSEL

<u>**PROOF OF SERVICE**</u>  [CCP 1013A(3)]

STATE OF CALIFORNIA, COUNTY OF ORANGE

   I am employed in the County of Orange, State of California, am over the age of eighteen (18), and not a party to the within action. My business address is: 1301 Dove Street, Suite 1050, Newport Beach, California 92660.

   On June 25, 2007 I served the foregoing document, described as

   1)  **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL**

on the interested parties in this action

<u>XXX</u> by placing the true copies thereof (or the original where required by law) enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Mike Pickman<br>Builders Sound<br>4718 Autumn Meadow Drive<br>Fairfield, CA 94533 | John O'Hurley<br>Little Giddings, Inc.<br>MS Productions<br>1710 Monte Cielo Ct.<br>Beverly Hills, CA 90210 |

<u> X </u> BY U.S. MAIL - I caused such envelope to be deposited in the United States Mail, First Class Postage Prepaid at Newport Beach, California on June 25, 2007

   I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day, in the ordinary course of business. I am aware that on motion of the parties served, service is presumed invalid if the postal cancellation date, or postage meter date, is more than one day after the date of deposit for mailing in the affidavit.

<u>XXX</u> I declare that I am employed in the office of a member of the Bar of this Court, at whose discretion the service was made.

<u>XXX</u> I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on June 25, 2007, at Newport Beach, California.

              */s/ Amber Yordy*
              Amber Yordy