**WANG, HARTMANN & GIBBS, P.C.**
A Professional Law Corporation
Richard F. Cauley (SBN:109194)
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Telephone: (949) 833-8483
Facsimile: (949) 833-2281

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN O'HURLEY, an individual, LITTLE GIDDINGS, INC., a California Corporation, BUILDERS SOUND COMPANIES, a Delaware corporation, and MS PRODUCTIONS, a sole proprietorship,<br><br>Plaintiff,<br><br>vs.<br><br>JAMO US, INC., a Delaware corporation, j/k/a JAMO HI-FI USA, INC. and KLIPSCH GROUP, INC., an Indiana corporation; and DOES 1-20, inclusive,<br><br>Defendants. | No. C 07-0281 WDB<br><br>DECLARATION OF RICHARD F. CAULEY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL<br><br>DATE: August 8, 2007<br>TIME: 1:30 p.m.<br>COURTROOM: 4 |

## DECLARATION OF RICHARD F. CAULEY

1.  I am an attorney at law admitted to practice before all courts of the State of California. I am a shareholder at the law firm of Wang, Hartmann & Gibbs, a Professional Corporation ("WH&G").

2.  I am one of the attorneys with the firm responsible for handling this

- 1 -

1  case on behalf of Plaintiffs John O'Hurley, Little Giddings, Inc., Builders Sound
2  Companies, and Ms Productions ("Plaintiffs").  As such, I have personal
3  knowledge of the matters contained in this declaration, and if called upon as a
4  witness, I would be competent to testify to them.

5    3.    On November 9, 2006, Plaintiffs and WH&G entered into a General
6  Business Fee Agreement whereby Plaintiffs retained WH&G to initiate the above-
7  mentioned litigation by preparing and filing a Complaint as well as drafting a
8  demand letter to send to the Defendants.  Additional legal services provided by
9  WH&G included preparing and filing related copyright applications.  (Attached
10 hereto as Exhibit "A" is a true and correct copy of the General Business Fee
11 Agreement between WH&G and Plaintiffs entered into on November 9, 2006).

12   4.    Plaintiffs now refuse to pay WH&G's invoices in direct breach of the
13 General Business Fee Agreement.

14   5.    Plaintiffs never executed a Litigation Fee Agreement nor did they ever
15 provide WH&G with a litigation retainer.  Presently the Plaintiffs refuse to consent
16 to dismissing the case (without prejudice), yet refuse to provide WH&G with the
17 resources necessary to serve the Complaint, propound discovery, and move the
18 case forward.  (Attached hereto as Exhibit "B" is a true and correct copy of the
19 contemplated Litigation Fee Agreement).

20   6.    Despite Plaintiff's failure to cooperate, communicate, or fund this
21 matter, WH&G has continued to obtain extensions for the Case Management
22 Conferences.

23   7.    Starting on or about April of 2007, WH&G began to repeatedly notify
24 Plaintiffs that they must sign the Litigation Fee Agreement and provide WH&G
25 with the retainer or else WH&G would be forced to withdraw.  However Plaintiffs
26 still refuse to either sign the Litigation Fee Agreement or to provide WH&G with
27 the retainer.
28

- 2 -
**DECLARATION OF RICHARD F. CAULEY**

1        I declare under penalty of perjury under the laws of the State of California
2  that the foregoing is true and correct. Signed this _25th_ of June, 2007 in
3  Newport Beach, California.

                                          Richard F. Cauley, Esq.

- 3 -

**DECLARATION OF RICHARD F. CAULEY**

# EXHIBIT A

**EXHIBIT A**

# WANG HARTMANN & GIBBS

*A PROFESSIONAL LAW CORPORATION*

1301 DOVE STREET, SUITE 1050
NEWPORT BEACH, CA 92660-2812

TELEPHONE (949) 833-8483
FACSIMILE (949) 833-2281
WEBSITE www.whgpc.com

November 9, 2006

**Attorney-Client Privileged Communication**

*Via Electronic Mail*

| | | |
|---|---|---|
| Mr. Michael Pickman<br>Builders Sound<br>1955 Mountain Blvd., Suite 105<br>Oakland, CA 94611<br>Mike@builderssound.com | Mr. Michael Pickman<br>MS Productions | Mr. John O'Hurley |

Re: Fee Agreement Conflict Waiver
Legal Services/Matter: Builders Sound v. Jamo Hifi USA/Klipsch Audio Technologies
Clients: Builders Sound, c/o Mr. Michael Pickman, MS Productions, c/o Mr. Michael Pickman and Mr. John O'Hurley

Dear Mr. Pickman and Mr. O'Hurley:

As Mr. Michael Pickman and the above-mentioned companies in which Mr. Michael Pickman has authority to bind ("PICKMAN") and Mr. John 'O'Hurley ("O'HURLEY") both wish to retain Wang, Hartmann & Gibbs, PC ("this Firm" or "WHG") to represent them in the above referenced matter, the Rules of Professional Responsibility set forth by the California State Bar require PICKMAN and O'HURLEY to execute this conflicts waiver. The purpose and conditions of this waiver are set forth below. For purposes of this agreement PICKMAN and O'HURLEY will be collectively referred to as "you."

## Multiple Clients: Confidentiality and Conflict

The law firm of Wang, Hartmann & Gibbs, PC has agreed to represent you in the above referenced litigation matter. However, this joint representation raises the following issues of which you should be aware:

### Confidentiality

California State law requires that an attorney not disclose confidential information or secrets of a client. Therefore, in order to represent you, you hereby expressly agree that information received from one party to this agreement may be disclosed to the other party to this agreement unless you specifically identify information about which confidentiality from the other joint client must be maintained and instruct us to maintain such confidentiality.

Initials: MP / JO

# WANG HARTMANN & GIBBS

Conflicts Waiver
November 9, 2005
Page 2 of 3

### Conflict:

We are required by the State Bar of California to inform you of actual and potential conflicts of interest that might substantially affect our representation of you in this litigation, and to obtain your written consent to represent you despite any conflicts or previous and current adverse relationships.

Whenever one attorney or law firm represents several parties, there exists the possibility that a conflict of interest among the parties may arise. The potential conflicts in this case include, but are not limited to, the following:

> (a) A difference of opinion between you regarding potential liability for an alleged infringement of any United States trademarks, copyrights or trade dress or any negligent or wrongful act or omission as alleged in regarding the aforementioned matter.

While we do not currently face such circumstances, they may arise.

As we discussed, we do not believe that our representation of both your interests in this Lawsuit constitutes a conflict of interest to the extent that this law firm represents you in the above referenced litigation. On the contrary, we believe a united effort would benefit each of you. However, each of you are, of course, free to retain another attorney to represent yourself.

### Waiver

Because you have both chosen to have us represent you to defend the Lawsuit, you both hereby admit, agree, and acknowledge that in the event of a conflict wherein WHG can only represent one of you, you waive any claim you may have against the other in the event that WHG is forced to recuse ourselves from representation of the other of you.

As you wish for us to represent your interests in this matter, each of you must sign and date this letter and return a copy to us. By signing the consent at the end of the letter, you acknowledge that you have had an opportunity to consult legal counsel which has explained to you the actual and potential conflicts of interests associated with our representation of the interest of all parties to this agreement.

Initials: 
MP    TC

WANG
HARTMANN
& GIBBS
Conflicts Waiver
November 9, 2006
Page 3 of 3

Please feel free to seek independent legal advice regarding the subject matter of this letter. If you have any questions regarding this letter or the reasons we are required to have your consent prior to our representation of you in this matter, please give me a call at your earliest convenience.

Very truly yours,
Wang, Hartmann & Gibbs, P.C.

Richard F. Cauley

*******************************************

The foregoing accurately reflects our agreement.

BUILDERS SOUND

Date 11/19/06    By: _____
                     Mr. Michael Pickman

MS PRODUCTIONS

Date 12/19/06    By: _____
                     Mr. Michael Pickman

Date 11/20/06    By: _____
                     Mr. John O'Hicks

Initials: _____

# WANG HARTMANN & GIBBS
A PROFESSIONAL LAW CORPORATION

1301 DOVE STREET, SUITE 1050
NEWPORT BEACH, CA 92660-2812

TELEPHONE (949) 833-8483
FACSIMILE (949) 833-2281

WEBSITE www.jcp-w.com

## WANG, HARTMANN & GIBBS, PC
## FEE AGREEMENT - GENERAL BUSINESS

1. **IDENTIFICATION OF PARTIES:** This contract/Fee Agreement is made on November 9, 2006, between WANG, HARTMANN & GIBBS, PC (hereinafter "Attorneys") and BUILDERS SOUND, c/o Michael Pickman, MS PRODUCTIONS, c/o Michael Pickman and John O'Hurley (hereinafter "Clients"). Builders Sound is a Delaware Corporation and MS Productions is a sole proprietorship owned by Cheryl Colfombo. Michael Pickman has the authority to bind both companies to the terms of this Fee Agreement.

2. **EMPLOYMENT OF ATTORNEYS:** Clients hereby retains Attorneys for representation concerning the following ("Legal Services" or "Legal Matters"):

Clients retains and employs Attorneys to act as legal counsel for Clients in following general business matter(s): 1) Prepare and send demand letter to Jamo HiFi USA/Klipsch Audio Technologies (as attorneys are informed, Jamo may be a wholly owned subsidiary of Klipsch), 2) Prepare and file (but do not serve) Complaint against Jamo HiFi USA/Klipsch Audio Technologies (hereinafter referred to as the "matter" or "case"). The scope of this Fee Agreement does not include any possible litigation that may arise in this matter. Should there be a lawsuit, Attorneys will require a separate Fee Agreement.

3. **ATTORNEYS' FEES:** Clients agree to pay to Attorneys as fees ("Legal Fees"), for representation in the matter, for Legal Services rendered as follows:

As a retainer for the above referenced Legal Matters, Clients shall pay to Attorneys, as an advance of Legal Fees and Costs, the sum of **$5,000.00**, from which Attorneys shall deduct Legal Fees at the rate identified in the Attached Exhibit A and Costs (as hereinafter defined) as incurred, until depleted. Upon such depletion, Attorneys shall thereafter invoice Clients monthly for additional services not covered by this initial advance on fees, and Clients shall timely pay such monthly invoices promptly, within fourteen (14) days. Any unused retainer balance shall be returned to client upon the completion of the Legal Services. Late payment or non-payment of Legal Fees shall be cause for Attorneys to withdraw.

Builders Sound is the sole party financing the Legal Services and Costs contemplated under this Fee Agreement. Accordingly, for the purposes of this Fee Agreement, all billing and payments will be channeled through Builders Sound, rather than John O'Hurley or MS Productions.

4. **EXPENSES / COSTS:** Clients shall pay all litigation expenses and/or other costs ("Costs") that appear to Attorneys to be reasonably necessary for representation this action. These Costs are separate from Legal Fees and may include, but are not limited to, the cost of filing fees, service of process, investigation, transcript fees, reporter fees, court costs, jury fees, doctor and other health care fees and expenses, expert witness fees, postage, long-distance telephone, FAX charges at 50¢ per page plus long distance telephone charges, copies at 25¢ per page, postage, and the costs of obtaining and presenting evidence. A schedule of current standard charges for support services provided by Attorneys is attached as Exhibit A.

5. **BILLING AND PAYMENT:** In matters where Attorneys have agreed to accept monthly payments, and for payment of Costs, Attorneys shall invoice Clients, and Clients shall pay Legal Fees and Costs monthly, within fourteen (14) days after date of invoice. All past due accounts are subject to a service charge of 1.5% per month, 18% per annum as a time-price differential. Accounts past due more than 60 days shall be cause for Attorneys to withdraw representation. A non-sufficient funds check shall incur a service charge of $50.00.

Client Initials  MP  [initials]

**WANG
HARTMANN
& GIBBS**

Re: Fee Agreement
Page 2 of 4

6. **ARBITRATION.** ANY AND ALL DISPUTES RELATING TO THIS FEE AGREEMENT OR ITS BREACH, INCLUDING BUT NOT LIMITED TO CLAIMS OF MALPRACTICE, BREACH OF FIDUCIARY DUTY, BREACH OF CONTRACT, NEGLIGENCE OR OTHER TORT (INTENTIONAL OR UNINTENTIONAL) AND/OR DECLARATORY OR OTHER EQUITABLE RELIEF ARISING UNDER OR CONCERNING THE PERFORMANCE OF THIS FEE AGREEMENT, IN WHICH THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTION OF CALIFORNIA SMALL CLAIMS COURT, SHALL BE SUBMITTED AND SETTLED BY BINDING ARBITRATION IN ORANGE COUNTY, CALIFORNIA, BY A SINGLE RETIRED CALIFORNIA JUDGE OR JUSTICE OR FROM THE BUSINESS CIVIL LITIGATION PANEL OF ATTORNEYS PUBLISHED BY THE ADMINISTRATOR FOR ORANGE COUNTY ARBITRATION, SELECTED BY AGREEMENT OF THE PARTIES, IN ACCORDANCE WITH THE PROVISIONS OF THE CODE OF CIVIL PROCEDURE SECTIONS 1282 THROUGH 1284.2, INCLUSIVE. IN THE EVENT THE PARTIES DO NOT AGREE UPON AN ARBITRATOR WITHIN 10 DAYS AFTER A PARTY DEMANDS ARBITRATION, THEN JAMS SHALL PROVIDE TO EACH THE NAMES OF THREE AVAILABLE ARBITRATORS, AND EACH PARTY SHALL BE ENTITLED TO STRIKE ONE NAME. THE REMAINING INDIVIDUAL SHALL BE THE ARBITRATOR. IF EITHER SIDE REFUSES TO STRIKE A NAME WITHIN 10 DAYS FROM THE DATE OF SERVICE OF THE NAMES, THEN JAMS SHALL DECIDE WHICH OF THE REMAINING TWO SHALL BE SELECTED. THE FINDINGS ORDERS OR AWARD OF THE ARBITRATOR MAY THEREAFTER BE ENTERED AS A JUDGMENT UPON PETITION OF THE AWARD TO THE ORANGE COUNTY SUPERIOR COURT. CLIENT UNDERSTANDS AND AGREES THAT BY SIGNING THIS FEE AGREEMENT AND CONSENTING TO ARBITRATION OF ALL DISPUTES AND CONTROVERSIES, INCLUDING THOSE INVOLVING FEES AND CLAIMS OF MALPRACTICE, CLIENTS AGREES TO WAIVE A TRIAL BY JURY.

7. **CLIENTS' COOPERATION AND INDEMNIFICATION:** Clients shall be truthful with Attorneys, cooperate with Attorneys, keep Attorneys informed of developments, abide by this Fee Agreement, timely pay Attorneys' invoices, and keep Attorneys advised of Clients' addresses, telephone numbers, and whereabouts. Clients' cooperation shall include, but not be limited to, Clients' presence when noticed and mandated at court proceedings, providing attorneys timely with documents, timely answers to discovery requests, and other information requested by Attorneys. Clients understand that Attorneys may cause certain legal proceedings to be commenced and/or other actions to be taken during the rendering the Legal Services and such commencement may be based upon Attorneys' reliance on the facts as provided by Clients to Attorneys. Clients agrees to indemnify, defend, and hold Attorneys harmless from all claims, losses and liabilities, and not withstanding any other provision of this Fee Agreement, Attorneys Fees and Costs, which may result from any intentionally false or erroneous information or document with regard to the facts of, or any evidence concerning, the matter which Clients provide to Attorneys and which later are found to be false or fraudulent.

8. **ATTORNEY WITHDRAWAL/DISCHARGE:** Clients may discharge Attorneys at any time, upon payment of all Legal Fees and Litigation Expenses (Costs) then due. Attorneys may withdraw with Clients' consent, or for good cause. Good cause includes, but is not limited to, Clients' breach of this Fee Agreement, Clients' refusal to cooperate with Attorneys, or to follow Attorneys' advice on a material matter, or any other fact or circumstance that would render Attorneys' continuing representation unlawful, unethical, ineffective or unadvisable. Should Attorneys give Clients notice of their intent to withdraw, Clients shall promptly execute and return to Attorneys a form Substitution of Attorney within fourteen (14) days of receipt thereof. Failure to timely return said form shall result in Clients' liability for payment of Attorneys Fees and Litigation Expenses (Costs) incurred in the bringing of

Client Initials  

# WANG HARTMANN & GIBBS

Re: Fee Agreement
Page 3 of 4

any Motion to Withdraw.

9. **ATTORNEYS' LIENS**: Attorneys are given a lien on any claim, cause of action, and/or recovery for the sum and share of Legal Fees and Litigation Expenses (Costs). Recovery, for purposes herein, is defined as the monetary value of anything recovered from opposing plaintiff, defendant, cross-complainant, cross-defendant, petitioner or respondent, whether by way of judgment, settlement, award of Legal Fees, or otherwise.

10. **ENTIRE FEE AGREEMENT**: This Fee Agreement supersedes any and all other agreements, either oral or in writing, between Clients and Attorney with respect to the subject matter of this Fee Agreement. This Fee Agreement contains all of the covenants, agreements and promises between the parties with respect to the subject matter of this Fee Agreement, and each party to this Fee Agreement. No agreement, statement, or promise not contained in this Fee Agreement shall be part of this Fee Agreement or be valid or binding.

CLIENTS ACKNOWLEDGE RECEIPT OF A COPY OF THIS FEE AGREEMENT.

Dated: November 9, 2006

WANG, HARTMANN & GIBBS, P.C.

By: _____
Richard F. Cauley

Dated: November 9, 2006

BUILDERS SOUND:

By: _____
Mr. Michael Pickman

SALES
(Print title)

MS PRODUCTIONS:

By: _____
Mr. Michael Pickman

SALES
(Print title)

By: _____
Mr. John O'Hurley

(Print title)

Client Initials  MP  JO

# WANG HARTMANN & GIBBS

Re: Fee Agreement
Page 4 of 4

## EXHIBIT A

### SCHEDULE OF HOURLY RATES

| | |
|---|---|
| Attorneys | $250-$350 per hour |
| Law Clerks | $225 per hour |
| Paralegals | $150 per hour |
| Legal Assistants | $85 per hour |

### SCHEDULE OF SUPPORT SERVICE CHARGES

| | |
|---|---|
| Duplicating Charges | $0.25/page |
| Fax Charges (outgoing only) | $0.50/page |
| Payment and processing of foreign associate charges | To be advised, when needed. |
| Phone Charges | Cost |
| Lexis Nexis Charges | Cost |
| Messenger Charges | Cost |
| Filing Fees | Cost |
| Parking | Cost |
| Mileage | $0.445/mile |
| All other client charges not directly billed | Cost |

Client Initials  /AA/ MP  /JG/

# EXHIBIT B

**EXHIBIT B**

# WANG HARTMANN & GIBBS
A PROFESSIONAL LAW CORPORATION

1301 DOVE STREET, SUITE 1050
NEWPORT BEACH, CA 92660-2812

TELEPHONE (949) 833-8483
FACSIMILE (949) 833-2281
WEBSITE www.whglawfirm.com

## WANG, HARTMANN & GIBBS, PC
### Attorneys and Clients written FEE AGREEMENT for LITIGATION case(s)

1. **IDENTIFICATION OF PARTIES**: This contract/Fee Agreement is made on June 14, 2007, between WANG, HARTMANN & GIBBS, PC (hereinafter "Attorneys") and JOHN O'HURLEY, an individual; LITTLE GIDDINGS, INC., a California Corporation, c/o JOHN O'HURLEY; BUILDERS SOUND COMPANIES, a Delaware Corporation, c/o MIKE PICKMAN; and MS PRODUCTIONS, a sole proprietorship, c/o CHERYL COLOMBO (hereinafter "Client").

2. **EMPLOYMENT OF ATTORNEYS**: Clients hereby retain Attorneys for representation concerning the following ("Legal Services" or "Legal Matters"):

Client retains and employs Attorneys to act as legal counsel for Client in the Client's following litigation matter: *JOHN O' HURLEY, an individual; LITTLE GIDDINGS, INC., a California Corporation; BUILDERS SOUND COMPANIES, a Delaware Corporation; and MS PRODUCTIONS, a sole proprietorship vs. JAMO US, INC., a Delaware Corporation j/k/a JAMO HI-FI USA, INC., and KLIPSCH GROUP, INC., an Indiana Corporation* (hereinafter referred to as the "matter" or "case").

3. **ATTORNEYS' FEES / LEGAL FEES**: Clients agree to pay to Attorneys as fees ("Legal Fees"), for representation in the Legal Matters, for Legal Services rendered as follows:

As a retainer for the above referenced Legal Matters, Clients shall pay to Attorneys, as an advance of Legal Fees and Costs, the sum of **$20,000.00**, from which Attorneys shall deduct Legal Fees and Costs at the rate identified in the Attached Exhibit A (as hereinafter defined) as incurred, until depleted. Upon such depletion, Attorneys shall ask Clients for reasonable retainer for work required in the near future. As a condition of our undertaking said Legal Services, Clients agree to provide such retainer to Attorneys immediately upon request. Any unused retainer balance shall be returned to Clients upon the completion of the Legal Services within a month.

Attorneys will send Client monthly invoices for rendered Legal Services and Costs. The amounts set forth in the monthly invoices are due within fourteen (14) days from the date of invoice. Late payment or non payment of Legal Fees shall be cause for Attorneys to withdraw.

4. **EXPENSES / COSTS**: Clients shall pay all Legal Fees and Costs ("Costs") that appear to Attorneys to be reasonably necessary for representation said Legal Matters. These Costs are separate from Legal Fees and may include, but are not limited to, the cost of filing fees, service of process, investigation, transcript fees, reporter fees, court costs, jury fees, doctor and other health care fees and expenses, expert witness fees, postage, long-distance telephone, FAX charges at 50¢ per page plus long distance telephone charges, copies at 25¢ per page, postage, and the costs of obtaining and presenting evidence. A schedule of current standard Costs charges for support services provided by Attorneys is attached as Exhibit A.

5. **ARBITRATION.** ANY AND ALL DISPUTES RELATING TO THIS FEE AGREEMENT OR ITS BREACH, INCLUDING BUT NOT LIMITED TO CLAIMS OF MALPRACTICE, BREACH OF FIDUCIARY DUTY, BREACH OF CONTRACT, NEGLIGENCE OR OTHER TORT (INTENTIONAL OR UNINTENTIONAL) AND/OR DECLARATORY OR OTHER EQUITABLE RELIEF ARISING UNDER OR CONCERNING THE PERFORMANCE OF THIS FEE AGREEMENT, IN WHICH THE AMOUNT IN CONTROVERSY EXCEEDS

Client Initials:  ___MP___   ___JO___   ___CC___

**WANG
HARTMANN
& GIBBS**

Re: Fee Agreement
Page 2 of 4

THE JURISDICTION OF CALIFORNIA SMALL CLAIMS COURT, SHALL BE SUBMITTED AND SETTLED BY BINDING ARBITRATION IN ORANGE COUNTY, CALIFORNIA, BY A SINGLE RETIRED CALIFORNIA JUDGE OR JUSTICE OR FROM THE BUSINESS CIVIL LITIGATION PANEL OF ATTORNEYS PUBLISHED BY THE ADMINISTRATOR FOR ORANGE COUNTY ARBITRATION, SELECTED BY AGREEMENT OF THE PARTIES, IN ACCORDANCE WITH THE PROVISIONS OF THE CODE OF CIVIL PROCEDURE SECTIONS 1282 THROUGH 1284.2, INCLUSIVE. IN THE EVENT THE PARTIES DO NOT AGREE UPON AN ARBITRATOR WITHIN 10 DAYS AFTER A PARTY DEMANDS ARBITRATION, THEN JAMS SHALL PROVIDE TO EACH THE NAMES OF THREE AVAILABLE ARBITRATORS, AND EACH PARTY SHALL BE ENTITLED TO STRIKE THE ONE NAME. THE REMAINING INDIVIDUAL SHALL BE THE ARBITRATOR. IF EITHER SIDE REFUSES TO STRIKE A NAME WITHIN 10 DAYS FROM THE DATE OF SERVICE OF THE NAMES, THEN JAMS SHALL DECIDE WHICH OF THE REMAINING TWO SHALL BE SELECTED. THE FINDINGS ORDERS OR AWARD OF THE ARBITRATOR MAY THEREAFTER BE ENTERED AS A JUDGMENT UPON PETITION OF THE AWARD TO THE ORANGE COUNTY SUPERIOR COURT. CLIENTS UNDERSTAND AND AGREE THAT BY SIGNING THIS FEE AGREEMENT AND CONSENTING TO ARBITRATION OF ALL DISPUTES AND CONTROVERSIES, INCLUDING THOSE INVOLVING FEES AND CLAIMS OF MALPRACTICE, CLIENTS AGREE TO WAIVE A TRIAL BY JURY.

6. **CLIENTS' COOPERATION AND INDEMNIFICATION**: Clients shall be truthful with Attorneys, cooperate with Attorneys, keep Attorneys informed of developments, abide by this Fee Agreement, timely pay Attorneys' Legal Fees and Costs, and keep Attorneys advised of Clients' most current address, telephone number, and whereabouts. Clients' cooperation shall include, but not be limited to, Clients' presence when noticed and mandated at court proceedings, providing attorneys timely with documents, timely answers to discovery requests, and other information requested by Attorneys. Clients understand that Attorneys may cause certain legal proceedings to be commenced and/or other actions to be taken during the rendering the Legal Services and such commencement may be based upon Attorneys' reliance on the facts as provided by Clients to Attorneys. Clients agree to indemnify, defend, and hold Attorneys harmless from all claims, losses and liabilities, and not withstanding any other provision of this Fee Agreement, Attorneys Fees and Costs, which may result from any intentionally false or erroneous information or document with regard to the facts of, or any evidence concerning, the matter which Clients provide to Attorneys and which later are found to be false or fraudulent.

7. **ATTORNEY WITHDRAWAL/DISCHARGE**: Clients may discharge Attorneys at any time, but Clients are still responsible for all Legal Fees and Costs Clients owe to Attorneys. Attorneys may withdraw with Clients' consent, or for good cause. Good cause includes, but is not limited to, Clients' breach of this Fee Agreement, Clients' refusal to cooperate with Attorneys or to follow Attorneys' advice on a material matter, or any other fact or circumstance that would render Attorneys' continuing representation unlawful, unethical, ineffective or unadvisable. Should Attorneys give Clients notice of their intent to withdraw, Clients shall promptly execute and return to Attorneys a form Substitution of Attorney within five (5) days of receipt thereof. Failure to timely return said form shall result in Clients' liability for payment of Attorneys Legal Fees and Costs incurred in the bringing of any Motion to Withdraw.

8. **ATTORNEYS' LIENS**: Attorneys are given a lien on any claim, cause of action, and/or recovery for the sum and share of Legal Fees and Costs. Recovery, for purposes herein, is defined as the monetary value of anything

Client Initials: _____  _____  _____
                   MP      JO      CC

**WANG HARTMANN & GIBBS**

Re: Fee Agreement
Page 3 of 4

recovered from opposing plaintiff, defendant, cross-complainant, cross-defendant, petitioner or respondent, whether by way of judgment, settlement, award of Legal Fees, or otherwise.

9. **ENTIRE FEE AGREEMENT**: This Fee Agreement supersedes any and all other agreements, either oral or in writing, between Clients and Attorneys with respect to the subject Legal Matters of this Fee Agreement. This Fee Agreement contains all of the covenants, agreements and promises between the Clients and Attorneys with respect to the subject Legal Matters of this Fee Agreement. No agreement, statement, or promise not contained in this Fee Agreement shall be part of this Fee Agreement or be valid or binding.

CLIENTS HAVE APPROVED AND ACCEPTED THIS FEE AGREEMENT AND ACKNOWLEDGE RECEIPT OF A COPY OF THIS FEE AGREEMENT.

Dated: June 14, 2007                           Dated: June 14, 2007

ATTORNEYS:                                     CLIENTS:
WANG, HARTMANN & GIBBS, P.C.

By:_____                     By: _____
   Jeffrey C. P. Wang                              John O' Hurley, as an individual
                                                   and as the President of Little Giddings, Inc.


                                                   _____
                                                   Mike Pickman, as the President of
                                                   Builders Sound Companies


                                                   _____
                                                   Cheryl Colombo, as the President
                                                   of MS Productions


Client Initials:  _____   _____   _____
                    MP       JO       CC

**WANG HARTMANN & GIBBS**

Re: Fee Agreement
Page 4 of 4

## EXHIBIT A

### SCHEDULE OF LEGAL FEES HOURLY RATES
(US DOLLARS)

| | |
|---|---|
| Attorneys | $275-$450 per hour |
| Law Clerks | $225 per hour |
| Paralegals | $150 per hour |
| Legal Assistants | $85 per hour |

### SCHEDULE OF EXPENSES / COSTS / SUPPORT SERVICE CHARGES
(US DOLLARS)

| | |
|---|---|
| Duplicating Charges | $0.25/page |
| Fax Charges (outgoing only) | $0.50/page |
| Foreign associate charges | to be advised, when needed. |
| Phone Charges | Cost |
| LexisNexis Charges | Cost |
| Messenger Charges | Cost |
| Filing Fees | Cost |
| Parking | Cost |
| Mileage | $0.485/mile |
| All other Client costs not directly billed | Cost |

Client Initials: ___MP___  ___JO___  ___CC___

**PROOF OF SERVICE** [CCP 1013A(3)]

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California, am over the age of eighteen (18), and not a party to the within action. My business address is: 1301 Dove Street, Suite 1050, Newport Beach, California 92660.

On June 25, 2007 I served the foregoing document, described as

1)  **DECLARATION OF RICHARD F. CAULEY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

on the interested parties in this action

XXX   by placing the true copies thereof (or the original where required by law) enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Mike Pickman<br>Builders Sound<br>4718 Autumn Meadow Drive<br>Fairfield, CA 94533 | John O'Hurley<br>Little Giddings, Inc.<br>MS Productions<br>1710 Monte Cielo Ct.<br>Beverly Hills, CA 90210 |

X   BY U.S. MAIL - I caused such envelope to be deposited in the United States Mail, First Class Postage Prepaid at Newport Beach, California on June 25, 2007

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day, in the ordinary course of business. I am aware that on motion of the parties served, service is presumed invalid if the postal cancellation date, or postage meter date, is more than one day after the date of deposit for mailing in the affidavit.

XXX   I declare that I am employed in the office of a member of the Bar of this Court, at whose discretion the service was made.

XXX   I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on June 25, 2007, at Newport Beach, California.

Amber Yordy